## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**R TODD STERLING,**                          CASE NO. 3:23 CV 2469

     Plaintiff,

     v.                                    JUDGE JAMES R. KNEPP II

**CITY OF LIMA,**

     Defendant.                     **MEMORANDUM OPINION AND
ORDER**


### INTRODUCTION

Before the Court is Defendant City of Lima's Renewed Motion to Dismiss (Doc. 7) *pro se* Plaintiff R Todd Sterling's Complaint alleging constitutional violations and breach of contract claims. (Doc. 1).[1] Jurisdiction is proper under 28 U.S.C. § 1331. Plaintiff opposed (Doc. 8). For the following reasons, the Court grants Defendant's motion to dismiss.

### BACKGROUND

Plaintiff resides in Lima, Ohio. (Doc. 1, at ¶ 3). He owns two properties in Lima, which are the subject of this action. *Id.* at ¶ 5.

January 2022 Incident

In January 2022, Plaintiff reported a "serious health and safety violation" at one of his properties by his tenant to the city's code enforcement. *Id.* He states, "garbage [was] piling up on the outside" and "was knee high in some places and waist-high in others". *Id.* Following this

---

1. Initially, Plaintiff filed a Complaint (Doc. 1) and Defendant moved to dismiss it (Doc. 5). Plaintiff subsequently sought leave to amend the Complaint. (Doc. 6). The Court granted the motion for leave to file an amended complaint, but Plaintiff never filed an amended pleading. Consequently, Defendant filed a renewed motion to dismiss (Doc. 7), which is the subject of this opinion.

report, the city searched Plaintiff's rental property under a city ordinance, which Plaintiff claims was unconstitutional, and Plaintiff was subsequently cited for a violation. *Id.*

On January 1, 2022, Plaintiff filed for a forcible detainer to remove the tenant. *Id.* However, he alleges during the hearing, a caseworker implied that Plaintiff was acting under a racial bias. *Id.* He states that this demonstration intimidated the city magistrate, who dismissed the case in the tenant's favor. *Id.* Plaintiff argues that dismissal was unlawful and violated his rights and allowed further damage to his property. *Id.*

November 2023 Incident

In November 2023, Plaintiff alleges Defendant conducted a warrantless search at another of his rental properties, which was under renovation, and issued a fine for issues that Plaintiff neither caused nor of which he was aware. *Id.* Plaintiff implies this search and fine were unconstitutional and retaliatory for his reporting the January 2022 health and safety issue. *Id.* He states Defendant targeted him upon noticing funds being spent on the renovation, aiming to manipulate him into paying fines to enrich the city. *Id.*

Legislative Concerns

Plaintiff also highlights ongoing concerns with Defendant's legislative actions. He states this "new legislation which most certainly will violate the privacy and civil rights of the citizens of Lima, Ohio". *Id.* at ¶ 6. He also references news reports indicating that Defendant plans to target all property owners and issue citations regardless of existing violations. *Id.*

Breach of Contract

Plaintiff contends Defendant disrupted his purchase of real property under a land contract when the law director instructed Defendant to close "a legally opened account in which plaintiff has been making on-time payments for close to a year." *Id.* at ¶ 13. He alleges Defendant

2

"deflect[ed] legally made payments to another account held by the plaintiff without due process or recognizing the agreement the defendant made with the plaintiff when 999 W Wayne was purchased by the plaintiff." *Id.* Plaintiff asserts this was a "malicious attempt to force local landowners into submission so that code enforcement has other means of violating the rights of citizens within this municipality in order to gain unlawful control of the rental housing market." *Id.*

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests a claim's legal sufficiency. Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a claim survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

*Pro se* litigants are given the benefit of the doubt and their pleadings are held to a less stringent standard those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers") (internal quotations and citations omitted). However, the Sixth Circuit has clarified that leniency toward *pro se* litigants has its limits. *See Pilgrim v. Littlefield*, 92 f.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells*

*v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008)

### DISCUSSION

Defendant asserts it is entitled to dismissal of Plaintiff's Complaint. First, regarding the § 1983 claims, Defendant argues Plaintiff's Complaint does not adequately plead a *Monell* claim against the City of Lima. Defendant contends that because Plaintiff's federal claims must be dismissed, the Court should decline supplemental jurisdiction over his state law breach of contract claim.[2]

Section 1983 Claims

Plaintiff contends that Defendant's actions violated his constitutional rights. Defendant asserts Plaintiff has failed to plead a § 1983 claim because he has not named a specific employee in the action nor alleged facts to plausibly allege a custom or policy that caused the alleged constitutional violations. (Doc. 5, at 6). The Court finds Plaintiff has not pleaded any facts concerning a Defendant policy or custom that may have caused a constitutional deprivation. He therefore fails to state a plausible claim against Defendant.

A municipality sued under § 1983 is liable for damages only if the injury occurs pursuant to a municipal custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In other words, the doctrine of *respondeat superior* does not apply to municipalities in § 1983 actions. *Id.* at 691. To succeed on a § 1983 claim based on a municipal policy or custom, Plaintiffs must "identify the policy, connect the policy to the city itself and show that the

---

2. Defendant also argues Plaintiff has failed to plausibly allege a constitutional violation in relation to either of the searches. Given that the Court concludes Plaintiff's Complaint does not survive on other grounds, it is unnecessary for the Court to address the specifics of these claims.

particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). A plaintiff generally has four ways to demonstrate an unlawful policy or custom: "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). "To prevail on [a] § 1983 *Monell* claim[ ] against [a municipality] under the Fourth and Fourteenth Amendments, the plaintiffs must show (1) that they suffered a constitutional violation and (2) that a municipal policy or custom directly caused the violation." *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92).

"[P]roof merely that such a policy or custom was 'likely' to cause a particular violation is not sufficient; there must be proven at least an 'affirmative link' between policy or custom and violation; in tort principle terms, the causal connection must be 'proximate,' not merely 'but-for' causation-in-fact." *Mann v. Helmig*, 289 F. App'x 845, 850 (6th Cir. 2008) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1388 (4th Cir. 1987)).

Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is largely unintelligible, composed of conclusory statements, and lacks any factual support. Plaintiff has not named any specific employee responsible for the alleged violations. Moreover, Plaintiff has failed to identify a custom or policy by Defendant that caused his alleged constitutional violations. Instead, Plaintiff merely references an unidentified city ordinance as

5

unconstitutional (Doc. 1, at ¶ 5), and states Defendant's law director instructed Defendant to close "a legally opened account in which plaintiff has been making on-time payments for close to a year," *id.* at ¶ 13, without providing further details or demonstrating how these alleged violations were applied in a manner that violated his constitutional rights. Furthermore, the new law Plaintiff alleges is not a basis for a claim because it had not gone into effect at the time of his lawsuit. Therefore, Plaintiff fails to plead a *Monell* claim against the City of Lima, and his 42 U.S.C. § 1983 claims are dismissed.

Breach of Contract

All that remains is Plaintiff's state law breach of contract claim. (Doc. 1, at ¶ 13).

Supplemental jurisdiction is a doctrine of discretion, not of right. *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Refusal to exercise supplemental jurisdiction is reviewed for an abuse of discretion. *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802 (6th Cir. 1996). Supplemental jurisdiction exists for "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Such supplemental jurisdiction does not disappear when the federal claim that gave rise to original jurisdiction in the first place is dismissed." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 (2009)). Nonetheless, the Court may decline to exercise its supplemental jurisdiction when the original jurisdiction claims have been dismissed. 28 U.S.C. § 1367(c)(3). "Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court should balance judicial economy and avoidance of duplicative litigation

6

against needlessly deciding state law issues. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004).

Plaintiff has provided no argument in favor of the Court exercising supplemental jurisdiction in this circumstance. Nor has the Court identified any reason the normal rule should not apply. Therefore, Plaintiff's state law breach of contract claim is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Renewed Motion to Dismiss (Doc. 7), is GRANTED IN PART as to the federal claims; and it is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over the remaining state law claim and that claim be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2024